## In re William M. MCCARTY, Jr., Esq.

[665 A.2d 885]

No. 95-276

August 11, 1995. Pursuant to the recommendation of the Professional Conduct Board filed June 5, 1995, and approval thereof, it is hereby ordered that William M. McCarty, Jr., Esq., be publicly reprimanded and placed on probation for six months for the reasons and subject to the conditions set forth in the Board's final report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

The probationary period shall begin on September 1, 1995 and end on February 29, 1996.

## FINAL REPORT AND RECOMMENDATION TO THE SUPREME COURT

On April 7, 1995, a hearing panel of the Professional Conduct Board issued a report following a hearing on the merits. The panel found that respondent violated DR 2-110(A)(2) by failing to return client property to a client after termination of the legal representation. The panel further found that the failure to return property was not justified by assertion of an attorney retaining lien because respondent had not complied with his client's reasonable request for details regarding an outstanding bill. Because of a number of aggravating factors, the panel recommended that respondent be suspended from the practice of law for one month. In addition, the panel recommended a period of probation during which respondent be required to submit the requested billing information to his client and, if necessary, to submit the billing dispute to arbitration.

The Board held a hearing on this matter on May 5, 1995, pursuant to A.O. 9, Rule 8D. The respondent, his counsel Douglas Richards, Esq., and bar counsel, Shelly A. Hill, Esq., appeared. The Board entertained oral argument from respondent, through counsel, and from bar counsel. In addition, the Board considered the brief filed by respondent. No brief was filed by bar counsel although she answered each of respondent's arguments orally.

In his brief, respondent raises four arguments, each of which will be addressed below.

First, respondent claims that the hearing panel erred in failing to find certain facts as requested by respondent. Respondent argues that since these facts were not controverted by bar counsel, the hearing panel was required to include them in its findings.

The hearing panel's report includes facts which it found, by clear and convincing evidence, to be relevant to the issues at hand. The hearing panel is not obligated to find facts it does not find relevant to the issue of whether respondent returned property to his client upon the termination of the relationship. The facts which respondent claims were erroneously omitted concern the details of the client's business and the obnoxiousness of the client's behavior when he was unable to secure return of his property. While some of these details may be interesting, they are not directly relevant to whether respondent provided client property to the client upon his request. The hearing panel appropriately exercised its discretion in omitting these details in its report.

Second, respondent argues, without citation to specifics in a transcript, that the panel's findings of fact consistent with the client's version of events and contrary to respondent's version was contrary to the evidence. Respondent argues that because the hearing panel rejected respondent's submissions, it was biased against respondent.

We see no evidence of bias by the hearing panel. It is the responsibility of the hearing panel to weigh the credibility of each witness appearing before it. The hearing panel's report indicates that it did so. We cannot find, based upon respondent's submission, that the hearing panel's findings are contrary to the evidence. Indeed, the hearing panel's report evidences a considerable effort to sift through the various factual and legal contentions. We adopt the hearing panel's findings of fact as our own.

Third, the respondent argues that the hearing panel's conclusions of law are erroneous. We disagree and adopt as our own the conclusions of law reached by the panel.

Fourth, the respondent argues that the sanction of suspension for one month is inappropriate. We agree that a less severe sanction is appropriate.

Under Administrative Order 9, the Supreme Court promulgated rules which allow for two types of suspensions: suspension for six months or more and suspension for less than six months. The difference is critical because a suspension of less than six months ends with automatic reinstatement. A lawyer suspended for more than six months, however, is not readmitted unless and until he has proven by clear and convincing evidence that he has been rehabilitated. See Rules 6 and 20B.

In the case of *In re Bucknam*, 160 Vt. 355, 365, 628 A.2d 932, 938 (1993), the Supreme Court wrote that suspensions should be for a period of at least six months. The Court noted that suspensions of shorter periods of time serve merely as fines and do not insure rehabilitation. The Court made this determination in reliance upon the ABA Standards for Imposing Lawyer Sanctions.

This holding seems to be inconsistent with the Court's Permanent Rules Governing Establishment of Professional Conduct Board and its Operation as promulgated in A.O. 9. In addition, the Supreme Court has continued to suspend attorneys for periods of time shorter than six months. See, for example, *In re Doherty*, 162 Vt. 631, 650 A.2d 522 (1994) (two-month suspension imposed).

We feel that periods of suspension of less than six months are appropriate in some circumstances and should be authorized by the Court. In this case, however, the recommended suspension of one month would appear to be merely punitive. It would do nothing to rehabilitate respondent or protect the public. On the other hand, a suspension of six months would be too harsh for the conduct engaged in here. Accordingly, we decline to follow the hearing panel's recommended one-month suspension.

The conduct here is similar to the conduct sanctioned in the *Bucknam* case. We believe the similar sanction of public reprimand is appropriate here. We agree, however, with the hearing panel's recommendation regarding probation and adopt that recommendation as our own.

*The Professional Conduct Board hereby adopts the findings of fact and conclusions of law of its hearing panel. It recommends to the Supreme Court that respondent be publicly reprimanded for violating DR 2-110(A)(2). Respondent should be placed on probation for six months during which time he be required to provide to his client the requested detail regarding the outstanding bill for services rendered. If the client continues to dispute the validity of the charges, respondent must submit the matter to arbitration through the VBA Fee Arbitration Committee. Failure to comply with these requirements within the six-month period of probation should result in an immediate suspension until the requirements are met.*

Motion for clarification granted September 7, 1995.